

FILED
AUG - 4 2008
[Clerk U.S. District Court]
By: _____ Deputy Clerk
08-3190-SW

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ALLEN WOLFSON, Plaintiff, v. RON NUTT and SCHERYL NUTT, Defendants. | REPORT AND RECOMMENDATION Case No. 2:05-cv-00874-DB-PMW District Judge Dee Benson Magistrate Judge Paul M. Warner |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B). As a preliminary matter, the court notes that Allen Wolfson ("Plaintiff"), who is detained at the Metropolitan Detention Center in Brooklyn, New York, is proceeding pro se in this case. Accordingly, the court will construe his pleadings and other filings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## PROCEDURAL HISTORY

On October 24, 2005, Plaintiff's motion for leave to proceed in forma pauperis[1] in this case was granted,[2] Plaintiff's complaint was filed,[3] and this case was assigned to Judge Benson.[4]

---

[1] *See* docket no. 1.

[2] *See* docket no. 2.

[3] *See* docket no. 3.

[4] *See id.*

On October 25, 2005, Plaintiff filed a document with the court indicating that he needed to have the U.S. Marshals serve a copy of the summons and complaint on Ron Nutt and Scheryl Nutt (collectively, "Defendants").[5] On December 27, 2005, Plaintiff filed a motion for service of process.[6] On May 1, 2006, Plaintiff filed a second motion for service of process.[7] On September 13, 2006, Judge Benson entered an order denying those two motions for service of process.[8] In that order, Judge Benson indicated that the court would screen Plaintiff's complaint at its earliest convenience and determine whether it should be dismissed or served upon Defendants.

On October 2, 2006, Plaintiff filed an affidavit indicating that Defendants "accepted service from [P]laintiff prior to September 25, 2006."[9] Plaintiff further indicated that "[D]efendants were served by certified registered recipt [sic] U.S. mail."[10]

On October 27, 2006, Plaintiff filed a document entitled, "Request to Enter Default and Certification."[11] In that document, Plaintiff reiterated his belief that Defendants had been served with process and asserted that Defendants had failed to respond to his complaint. Accordingly, Plaintiff claimed that he was entitled to have Defendants' default entered. On November 1, 2006,

---

[5] *See* docket no. 4.

[6] *See* docket no. 6.

[7] *See* docket no. 8.

[8] *See* docket no. 9.

[9] Docket no. 10.

[10] *Id.*

[11] Docket no. 11.

2

the Clerk of the Court entered an order denying Plaintiff's request for entry of Defendants' default.[12] On November 20, 2006, Plaintiff filed another document requesting the entry of Defendants' default.[13] Along with that document, Plaintiff filed a certified mail return receipt showing a signature for "Sheryl Nutt" but lacking a date of delivery.[14]

On May 31, 2007, Judge Benson entered the first of two orders referring the case to this court under 28 U.S.C. § 636(b)(1)(B).[15] On August 8, 2007, this court submitted a report and recommendation to Judge Benson recommending that this case be dismissed for lack of jurisdiction.[16] In that report and recommendation, this court noted that Plaintiff's original complaint asserted that jurisdiction was proper under 28 U.S.C. § 1331, which provides for jurisdiction only if a case involves a federal question. This court further noted that Plaintiff's sole claim in this case for breach of contract, which is governed by state law and does not present a federal question. Consequently, this court concluded that based on the face of Plaintiff's original complaint, subject matter jurisdiction did not exist. This court went on to note that even if Plaintiff had meant to assert jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, he had failed to include the necessary allegations to that effect. Indeed, Plaintiff had asserted that he is a citizen of Utah but failed to include any allegations concerning Defendants'

---

[12] *See* docket no. 12.

[13] *See* docket no. 13.

[14] *Id.*

[15] *See* docket no. 14.

[16] *See* docket no. 15.

3

residence or citizenship. Accordingly, this court concluded that Plaintiff's original complaint also failed to demonstrate that subject matter jurisdiction existed based on diversity of citizenship. Therefore, this court recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and rule 12 of the Federal Rules of Civil Procedure.

On August 20, 2007, Plaintiff filed a document entitled, "Response to U.S.[ ]Magistrate and Modification of Lawsuit."[17] In that document, Plaintiff indicated that while he had asserted in his original complaint that jurisdiction was proper under 28 U.S.C. § 1331, he also meant to assert jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. To that end, Plaintiff reiterated that he is a resident of Utah but also stated that Defendants are residents of "Withchita [sic]," Kansas.[18]

In that document, Plaintiff also reiterated his belief that Defendants had been served with process and that he was entitled to entry of their default. Plaintiff asserted that "[D]efendants choose to not answer the lawsuit and thus there was no issue as to whether the court had jurisdiction in this matter."[19] Finally, Plaintiff made the unsupported claim that "the court has intentionally looked for reasons to not allow this lawsuit to be completed in the best interest of [Plaintiff]" and that "this court has intentionally filed [sic] to address the issues and have violated [P]laintiff's rights to have a court that is not biased against [him]."[20]

---

[17] Docket no. 16.

[18] *Id.*

[19] *Id.*

[20] *Id.*

On September 13, 2007, Judge Benson entered an order indicating his agreement with the reasoning set forth in this court's report and recommendation.[21] At the same time, however, Judge Benson recognized that Plaintiff's pleadings were entitled to a liberal construction, *see Ledbetter*, 318 F.3d at 1187, and construed Plaintiff's August 20, 2007 filing as a motion to amend his complaint. Judge Benson granted that motion and provided Plaintiff with leave to file an amended complaint. On September 26, 2007, Plaintiff filed his amended complaint.[22]

As a result of this court's issuance of the above-referenced report and recommendation, Judge Benson's previous referral of the case had been withdrawn. On October 5, 2007, Judge Benson entered the second order referring the case to this court under 28 U.S.C. § 636(b)(1)(B).[23] In his most recent filing on April 3, 2008, Plaintiff filed another motion for service of process.[24]

## ANALYSIS

The sole claim in Plaintiff's amended complaint is for breach of contract. Plaintiff alleges that he entered into a lease agreement for an office facility in Kansas with Defendants. Plaintiff further alleges that Defendants subsequently breached that lease agreement.

In his amended complaint, Plaintiff asserts that jurisdiction in this court is proper under 28 U.S.C. § 1332, which provides for jurisdiction based upon diversity of citizenship. In support

---

[21] *See* docket no. 17.

[22] *See* docket no. 18.

[23] *See* docket no. 19.

[24] *See* docket no. 20.

of that assertion, Plaintiff alleges that he is a resident of Utah and that Defendants both reside in "Witchita [sic]," Kansas.[25]

While Plaintiff has included the necessary allegations for jurisdiction based on diversity of citizenship, it appears that he has brought this case in the wrong venue. Venue in federal district court is governed by 28 U.S.C. § 1391. For civil cases in which jurisdiction is based solely on diversity of citizenship, the two main possibilities for proper venue are (1) "a judicial district where any defendant resides, if all defendants reside in the same State," or (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(1)–(2). While one remaining possibility exists, it is applicable only "if there is no district in which the action may otherwise be brought." *Id.* § 1391(a)(3).

Based upon the allegations in Plaintiff's complaint, the court concludes that venue is improper in the District of Utah. Defendants do not reside in Utah and it appears that the subject matter of the contract at issue involves the lease of a building located in Kansas. *See id.* § 1391(a)(1)–(2).

Having determined that venue is improper in the District of Utah, the court must now determine whether this case should be dismissed or transferred. *See id.* § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which

---

[25] Docket no. 18.

it could have been brought."). "[T]he question of whether to dismiss or transfer an action filed in an improper venue is within the district court's sound discretion." *Ballesteros v. Ashcroft*, 452 F.3d 1153, 1160 (10th Cir. 2006) (quotations and citations omitted). Based on the circumstances of this case, the court has determined that transfer, rather than dismissal, is appropriate. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that this case be transferred to the United States District Court for the District of Kansas. *See id.* §§ 96, 1391(a), 1406(a).

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See id.* § 636(b)(1)(C). The parties must file any objection to this Report and Recommendation within ten (10) days after receiving it. *See id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of June, 2008.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge