IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALLEN WOLFSON,

        Plaintiff,

v.

RON NUTT and SCHERYL NUTT,

        Defendants.

Civil Action

No. 08-3190-GLR

## **MEMORANDUM AND ORDER**

Plaintiff, a resident of Utah, brings suit against Defendants, Kansas residents, for breach of a lease agreement and for default in repayment of a loan. This matter is currently before the Court on Defendants' Motion for Judgment on the Pleadings (doc. 36) and Plaintiff's Motion to Amend Lawsuit to Include Defendant KCTU PAX "55" pursuant to Rule 15 of the Rules of Civil Procedure (doc. 45). The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). As discussed below, Defendants' Motion for Judgment on the Pleadings is denied. Plaintiff's Motion to Amend is sustained.

**I.    Relevant Facts**

The complaint alleges that on January 1, 2002, Plaintiff, through his business AZ II, LLC, entered into an agreement with Defendants' business, KCTU PAX "55," to lease an office building at 100 Market Street, Wichita, KS. The complaint further alleges that Defendants failed to pay rent according to the ten-year lease agreement, which caused the

building to be foreclosed, and that Defendants failed to pay a loan from Plaintiff in the amount of $180,000.

Plaintiff originally filed this action in the District of Utah on October 24, 2005. That Court transferred the case to this District on August 4, 2008.[1]

On November 26, 2008, Defendants filed a Motion for Judgment on the Pleadings (doc. 36). In support of their motion, they filed the Affidavit of Defendant Ron Nutt, along with a copy of the purported written Lease Agreement.[2] Defendants contend in their motion that they are not individually liable to Plaintiff for the reason neither of them executed the lease as individuals and that Defendant Ron Nutt signed it only as President/General Manager of KCTU PAX "55." Plaintiff filed a Response to the motion to argue that Defendants, as owners of KCTU PAX "55," should be liable for the failure to make the rent payments required by the lease.

On January 26, 2009, Plaintiff filed a Motion to Amend Lawsuit to Include Defendant KCTU PAX "55" pursuant to Rule 15 of the Federal Rules of Civil Procedure (doc. 45). The motion requests leave to add KCTU PAX "55" as a defendant. Defendants filed an Objection to Plaintiff's Motion to Amend Complaint (doc. 47), contending that Plaintiff has filed his motion in bad faith and that his claims are futile. Defendants set forth various

---

[1] *See* Order transferring case (doc. 22).

[2] *See* Affidavit (doc. 38).

alleged discrepancies in the pleadings of Plaintiff. They contend that he presents no evidence to support the allegation that they are personally liable.

The Court previously denied without prejudice a request by Plaintiff to amend his complaint. It based that denial on his failure to attach a proposed amended complaint to the motion. Plaintiff has corrected that deficiency by attaching his proposed amended complaint to the instant motion. The Court therefore considers the it upon the merits.

## II. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings invokes Federal Rule of Civil Procedure 12(c) and is analyzed under the same standard that applies to a Rule 12(b)(6) motion to dismiss.[3] Thus, judgment on the pleadings is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,"[4] or when an issue of law is dispositive.[5] The court accepts as true all well-pled facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the party against whom judgment is sought.[6] "Judgment on the pleadings should not be granted unless the moving party has clearly established that no

---

[3]*Society of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1241 (10th Cir. 2005).

[4]*Beedle v. Wilson,* 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[5]*Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[6]*Park Univ. Enter., Inc. v. Am. Cas. Co. of Reading, Pa.*, 442 F.3d 1239, 1244 (10th Cir. 2006); *Beedle*, 422 F.3d at 1063.

material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[7]

Defendants contend that they are not individually liable to Plaintiff on his claim for breach of contract because they did not personally guarantee the lease, nor did they "personally sign" the lease. They argue that "Defendant Scheryl Nutt did not sign any lease documents whatsoever" and "Ron Nutt signed the Lease on behalf of KCTU PAX '55' as President/GM," not "in his personal capacity." To support their motion, Defendants have filed the Affidavit of Ron Nutt and the purported lease agreement to show that Ron Nutt signed the lease on behalf of KCTU PAX "55" and in his capacity as "President/GM."

Federal Rule of Civil Procedure 12(d) generally prohibits the court from considering "matters outside the pleadings" in ruling on a motion for judgment on the pleadings.[8] It provides that if a party presents matters outside the pleadings in support of a motion for judgment on the pleadings under Rule 12(c), "the motion must be treated as one for summary judgment under Rule 56" and all parties be given a "reasonable opportunity to present all the material that is pertinent to the motion."[9]

---

[7] *Park Univ.,* 442 F.3d at 1244 (quoting *U.S. v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).

[8] Fed. R. Civ. P. 12(d).

[9] *Id.*

The court has discretion in determining whether to accept materials beyond the pleadings.[10] The court, however, must give the parties notice and an opportunity to present relevant evidence before converting a motion to dismiss into a motion for summary judgment.[11] "The required notice may be actual or constructive, and in some circumstances, courts have concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice."[12]

Plaintiff's complaint specifically alleges the existence of a lease agreement, but does not attach a copy of it. Arguably the Court could consider the purported lease, attached to the affidavit, without converting the motion into one for summary judgment; because the complaint refers to the lease, which is central to the claim of Plaintiff for breach of contract.[13] The affidavit of Ron Nutt, which purports to authenticate the lease and contains factual statements pertinent to the issues in the case, nevertheless constitutes "matters outside the pleadings" for purposes of Rule 12(d).

---

[10]*Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.,* 232 F.3d 1334, 1341 (10th Cir. 2000).

[11]*David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

[12]*Id.*

[13]*See Prager v. LaFaver,* 180 F.3d 1185, 1189 (10th Cir. 1999) (district court could have considered documents the plaintiff referred to in his complaint which were central to his claim without converting defendant's motion to dismiss into one for summary judgment); *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (agreement referred to in the plaintiff's complaint and central to his claim, was not a "matter outside the pleadings" in district court's decision whether to convert motion to dismiss to motion for summary judgment).

Whether to convert the motion for judgment on the pleadings to one for summary judgement addresses the discretion of the court.[14] In this case the Court finds that its ruling upon the instant motion without converting it to one for summary judgment will better comport with the requirements of Fed. R. Civ. P. 1 for a "just, speedy, and inexpensive determination" of the action. It will decline to consider matters outside the pleadings and will deny Defendants' Motion for Judgment on the Pleadings. In doing so, the Court accepts as true all well-pled facts and all reasonable inferences from them in favor of Plaintiff, the non-moving party.[15] It thus finds that Defendants have not clearly established that no material issues of fact remain to be resolved or that the pleadings demonstrate they are entitled to judgment as a matter of law on the claim for breach of the lease agreement.

The parties dispute several material facts, including the capacity in which Ron Nutt signed the lease on behalf of KCTU PAX "55." Even if the lease agreement attached to his affidavit is undisputed, the nature of the business entity KCTU PAX "55" and his ownership interest in it remains undetermined. None of the briefing addresses whether KCTU PAX 55 is a corporate entity or simply an alternative business name for either or both Defendants. Factual issues also remain as to whether Defendants personally guaranteed the lease, whether Plaintiff made a loan to Defendants or either of them, and what are the terms of any such loan.

---

[14] *See Lybrook*, 232 F.3d at 1341-42 (holding that "mere fact that parties provided documents to the district court did not require the district court to rely on those documents").

[15] *Park Univ.*, 442 F.3d at 1244.

For all the foregoing reasons the Court denies Defendants' Motion for Judgment on the Pleadings (doc. 36).

## III. Motion to Amend the Complaint

Plaintiff has also filed a Motion to Amend Lawsuit to Include Defendant KCTU PAX "55" pursuant to Rule 15 of the Rules of Civil Procedure (doc. 45). He requests leave to amend his complaint to add KCTU PAX "55" as a defendant. He has attached his proposed amended complaint to his motion (doc. 45-2).

A motion to amend may be filed when "the amendment changes the party or the naming of the party against whom a claim is asserted," as long as the party to be added has "notice of the action."[16] "The court should freely give leave" to amend in the interest of justice.[17] However, a court may deny a motion to amend when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."[18]

### A. Bad Faith

Defendants argue that Plaintiff has filed his motion to amend the complaint in bad faith "due to the contradictory claims" allegedly made by Plaintiff in his pleadings to the

---

[16] Fed. R. Civ. P. 15(c)(1)(C).

[17] Fed. R. Civ. P. 15(a).

[18] *See Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Court. Defendants set forth the alleged contradictory claims made by Plaintiff as follows: First, Plaintiff's first request to amend the complaint stated that he wanted to dismiss Scheryl Nutt as a defendant and that Ron Nutt personally guaranteed the promissory note. Plaintiff's current proposed amended complaint, however, continues to name Scheryl Nutt as a defendant and alleges that Plaintiff made the loan to both her and Ron Nutt. Second, Plaintiff stated in his response (doc. 41) to Defendant's motion for judgment on the pleadings that the lease and promissory note were signed by KCTU PAX "55" and that Ron Nutt personally guaranteed the promissory note. Plaintiff's original complaint and amended complaint, however, state that Defendants personally signed the lease, and that Plaintiff loaned money to Defendants, which they agreed to pay.

Asserting inconsistent allegations in pleadings does not require a finding that Plaintiff has acted in bad faith. Factual inconsistencies in his prior pleadings and briefing are not fatal to the instant motion. A party may discover information that would lead him to plead additional and inconsistent claims in the alternative. Fed. R. Civ. P. 8(d)(3) allows a party to state inconsistent claims. The Court declines to attribute bad faith to Plaintiff for filing the motion for leave to amend.

### B. Futility

Defendants also contend that the claims are futile because the amended complaint "claims without supporting evidence that [they] are owners of KCTU PAX '55' without stating a basis for claiming personal liability." A court may deny a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state

a claim.[19]  The issue in resolving a motion to amend, when futility of amendment is argued, is not whether the plaintiff will ultimately prevail, "but whether the claimant is entitled to offer evidence to support the claims."[20]

The Court does not find the proposed amendments to be futile.  First, under the notice pleading standards of Fed. R. Civ. P. 8(a), Plaintiff has no duty to provide supporting evidence in his complaint, as long as there is sufficient allegation of fact to allow him to proceed with the claim. Second, regardless of whether Plaintiff can prevail against Defendants Ron and Scheryl Nutt individually, he has alleged that KCTU PAX "55" entered into a lease agreement with Plaintiff's business, AZ II, LLC.  The Affidavit of Ron Nutt (doc. 38), to which Defendants refer in the supporting memorandum (doc. 37) for their own motion, attaches the purported lease as signed by KCTU PAX "55."  By the instant motion to amend the complaint, Plaintiff essentially responds to the contention that Defendants Nutt are not individually liable and thereby proposes to add KCTU PAX "55" as a defendant.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion for Judgment on the Pleadings (doc. 36) is denied, as set forth herein.

---

[19]*Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

[20]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**IT IS FURTHER ORDERED THAT** and Plaintiff's Motion to Amend Complaint (doc. 45) is sustained.  **Within fifteen (15) days of the date of this Memorandum and Order**, Plaintiff shall file his second Amended Complaint as requested.

**IT IS FURTHER ORDERED THAT** upon the filing of Plaintiff's Amended Complaint, the Clerk shall issue summons for newly added Defendant KCTU PAX "55." Service of the summons and the Amended Complaint shall be effected by the United States Marshal or a deputy United States Marshal who are hereby appointed for such purpose pursuant to Fed. R. Civ. P. 4(c)(3).

Dated in Kansas City, Kansas on this 24th day of July, 2009.

s/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge