## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ALLEN WOLFSON,**

        **Plaintiff,**

                                                 **Civil Action**

**v.**

                                                 **No. 08-3190-GLR**

**RON NUTT, et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this *pro se* diversity action against defendants Ron Nutt and Scheryl Nutt for an alleged breach of a lease agreement.[1]  The Court has under consideration Defendants' Motion for Summary Judgment (ECF No. 92) and Plaintiffs [sic] Motion for Summary Judgment (ECF No. 95). As discussed below, the Court grants Defendants' motion and denies Plaintiff's motion.

## I.    Procedural Background

Plaintiff originally filed this action in the District of Utah on October 24, 2005.[2]  That court transferred the case to the District of Kansas on August 4, 2008.[3]  The parties consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).[4]  In April 2010, the Court entered a Pretrial Order, which controls "the subsequent course of this case."[5]

In March 2011, the Court set an April 22, 2011 deadline for motions for summary judgment

---

[1]The Court previously granted summary judgment for defendants on all other claims raised in this action.  *See* Mem. & Order (ECF No. 84).

[2]*See* Compl. (ECF No. 3).

[3]*See* Order Adopting Report & Recommendation (ECF No. 22).

[4]*See* Notice, Consent, & Reference of a Civil Action to a Magistrate Judge (ECF No. 53).

[5]*See* Pretrial Order (ECF No. 73) at 1.

and a May 23, 2011 deadline for any response to such a motion.[6]  On April 21, 2011, Defendants filed their motion for summary judgment on grounds that Plaintiff is not the real party in interest in this case.[7]  On May 20, 2011, Plaintiff filed his motion seeking summary judgment on grounds that (1) he is the real party in interest and (2) Defendants are not protected "by the corporate veil of Market Media a Nevada Corporate."[8]  In a May 26, 2011 response to Plaintiff's motion, Defendants argue that his motion is untimely and that Plaintiff does not own the lease agreement at issue in this action.[9]  The parties have filed no other briefing on the motions.  The motions are ripe for ruling.

## II.    Plaintiff's Motion

Plaintiff moved for summary judgment after the April 22, 2011 deadline for such motions. His motion and supporting memorandum also fail to comply with procedural requirements of D. Kan. Rule 56.1.  For these reasons, the Court denies Plaintiff's motion for summary judgment.  It will consider the supporting memorandum as a timely response to Defendants' motion.  Defendants' response to the motion will be considered as a reply brief in support of their motion.

## III.    Defendants' Motion

Pursuant to Fed. R. Civ. P. 56, Defendants move for summary judgment on grounds that Plaintiff is not the real party in interest.  Consistent with the well-established standard for evaluating motions for summary judgment, the following facts are either uncontroverted or stated in the light

---

[6]*See* Order (ECF No. 91).

[7]*See* Defs.' Mot. Summ. J. (ECF No. 92) at 1; Defs.' Mem. Supp. (ECF No. 93) at 4-5.

[8]Pl.'s Mot. Summ. J. (ECF No. 95) at 1; *accord* Pl.'s Mem. Supp. (ECF No. 96) at 1-2.

[9]*See* Mem. Reply to Pl.'s Mot. Summ. J. (ECF No. 98) (hereinafter "Reply") at 1-6.

most favorable to Plaintiff, the nonmoving party.[10]

By Lease Agreement dated January 1, 2002, AZ II, LLC (the "LLC"),[11] as landlord, agreed to lease a building to KCTU PAX "55" for rent.[12]  Plaintiff owned 100% of the LLC from its formation.[13]  The LLC was dissolved in 2003.[14]  It forfeited its status as a limited liability company on July 15, 2003.[15]  Two assets – an office building and a $180,000 note – reverted to Plaintiff after the LLC dissolved.[16]

### A.     Summary Judgment Standard

Under Fed. R. Civ. P. 56(a), courts "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[10]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[11]Although the Lease Agreement identifies the limited liability company as AZ II, rather than AZII, the parties treat the two variations as the same entity.  In fact, the parties also treat A-Z II, LLC as the same entity.  *See* Defs.' Mem. Supp. at 1 (relying on affidavit of Ron Nutt, which relies on an attachment related to A-Z II, LLC); Pl.'s Mem. Supp. at 1 (agreeing with uncontroverted fact ultimately supported by the attachment).  The Court will avoid undue confusion by referring generally to the limited liability company.

[12]*See* Mem. & Order (ECF No. 84) at 2 (relying on Ex. A to Affidavit (ECF No. 38) of Ron Nutt).  The leased building was located at 100 Market Street, Wichita, Kansas, and KCTU PAX "55" was a trade name used by Defendants, a corporation owned by Defendants, or both.  *See id.* at 1-2, 8-9.

[13]Pretrial Order, § IV.A.3 (stipulations of the parties).  In their reply brief, Defendants now question Plaintiff's ownership interest in the LLC.  *See* Reply at 6.  Unless the Pretrial Order is amended, however, the parties' stipulation controls.

[14]Pretrial Order, § IV.A.4.

[15]*See* Defs.' Mem. Supp. at 1 (stating as uncontroverted fact supported by affidavit of Ron Nutt); Pl.'s Mem. Supp. at 1 (stating as uncontroverted fact).

[16]Answer to Interrogatory 4, attached to Def.'s Mem. Supp.

law."[17]  "[T]he substantive law will identify which facts are material."[18]  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[19]  The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion."[20]  In addition, Rule 56(c)(1) provides that parties "asserting that a fact cannot be or is genuinely disputed must support the assertion by:  (A) citing to particular parts of materials in the record" or (B) showing that cited materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[21]  While courts "need consider only" properly cited material of record, they retain the discretion to "consider other materials in the record."[22]

Movants relying on an affirmative defense for summary judgment must show "that no disputed material fact exists regarding the affirmative defense asserted."[23]  If they carry that burden, the plaintiff must "demonstrate with specificity the existence of a disputed material fact" to overcome

---

[17]This subdivision "carries forward the summary judgment standard expressed in former subdivision (c)," with only one non-substantive change – replacing "issue" with "dispute".  Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).  Despite the 2010 amendments, the summary judgment standard "remains unchanged." *Id.*

[18]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[19]*Id.*

[20]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[21]Fed. R. Civ. P. 56(c)(1)(A) and (B).

[22]Fed. R. Civ. P. 56(c)(3).

[23]*Helm v. Kansas*, 656 F.3d 1277, 1284 (10th Cir. 2011) (quoting *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997)).

the asserted defense.[24]   To determine whether summary judgment is proper, the courts view the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party.[25]

### B.      Whether Defendants are Entitled to Summary Judgment on Plaintiff's Claim

Defendants argue that they are entitled to summary judgment, because Plaintiff is not the real party in interest.[26]   The law of Kansas applies to all substantive issues in this diversity case.[27]   The Court thus looks to Kansas law to determine whether Plaintiff is the real party in interest in this case even though Fed. R. Civ. P. 17(a), rather than the Kansas procedural statute or rule (K.S.A. 60-217(a)),[28] imposes the real-party-in-interest requirement.[29]   In general, an objection regarding real party in interest is treated like an affirmative defense, which places the burden on the objecting party to show that the plaintiff is not the real party in interest.[30]

Kansas contract law governs Plaintiff's claim for breach of a lease agreement.   In Kansas,

---

[24]*Id.* (quoting *Hutchinson*, 105 F.3d at 564).

[25]*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[26]*See* Defs.' Mem. Supp. at 4-5.

[27]*See Cohen-Esrey Real Estate Servs., Inc. v. Twin City Fire Ins. Co.*, 636 F.3d 1300, 1302 (10th Cir. 2011).   The parties also agree that Kansas law applies.   *See* Pretrial Order, § III.D.

[28]Both rules provide that "[a]n action must be prosecuted in the name of the real party in interest."   Some courts have described the federal requirement as essentially codifying the nonconsti-tutional, prudential-standing limitation "that a litigant cannot sue in federal court to enforce the rights of third parties."   *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 757 (7th Cir. 2008) (citing cases).   Regardless, the Rule 17 requirements "should not be confused with the jurisdictional doctrine of standing."   *Id.* at 756.

[29]*See K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1153 (10th Cir. 1985).

[30]*See Lexington Ins. Co. v. W. Roofing Co., Inc.*, No. 03-2036-JWL, 2003 WL 22205614, at *1 (D. Kan. Sept. 23, 2003).

"only parties to the contract may enforce the contract because 'the person who possesses the right sought to be enforced' is the real party in interest."[31]  Contractual rights are also assignable to a third party under Kansas law.[32]  With respect to limited liability companies, Kansas law also provides for distributing assets to creditors and members after their dissolution and a winding up period.[33]

Here, the undisputed facts show that Plaintiff was not a party to the Lease Agreement that he seeks to enforce.  His limited liability company entered into the agreement.  After the company dissolved in 2003, only two assets reverted to him – neither of which is the lease agreement at issue.  Nothing shows that the agreement reverted to Plaintiff through the dissolution or winding up of his LLC or that he otherwise owns or holds the lease agreement or that the contractual rights under the agreement were assigned to him.  Consequently, Defendants have carried their burden to show the absence of a disputed material fact regarding their real-party-in-interest defense.  From the undisputed facts, Plaintiff has no individual right to enforce the Lease Agreement and is not the real party in interest in this case.

Plaintiff, however, argues that the LLC assigned its interest in the building and lease to him prior to July 15, 2003.[34]  He provides a "Corporate Resolution" dated January 1, 2003, which purports to transfer all assets of ACT II LLC to Plaintiff.[35]  Even if the Court considers this Resolution

---

[31]*Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 675 (10th Cir. 2007) (citing *O'Donnell v. Fletcher*, 9 Kan. App. 2d 491, 681 P.2d 1074, 1076 (1984)).

[32]*Id.*

[33]*See* K.S.A. 17-76,119(a) (2007).

[34]Pl.'s Mem. Supp. at 1.

[35]*Id.* at 4.

6

relevant to the LLC in this case, despite its specific references to ACT II LLC,[36] the Resolution is not of itself a legal conveyance of the assets to Plaintiff.  Kansas has enacted a comprehensive set of laws to regulate limited liability companies.[37]  But no provision permits the transfer of assets of a limited liability company through the type of "Corporate Resolution" provided to the Court.  Plaintiff has failed to specifically show a disputed material fact to overcome the assertion that he is not the real party in interest in this case.  Accordingly, the Court grants Defendants' motion.

Although the Court grants Defendants' motion, it will not order this action dismissed at this juncture.  Rule 17(a)(3) of the Federal Rules of Civil Procedure prohibits dismissal of "an action for failure to prosecute in the name of the real party in interest, until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  Consistent with this rule, the Court grants the LLC, as the real party in interest, thirty days from the date of this order to enter an appearance in this action.  Because a limited liability company "may appear in federal court only through licensed counsel,"[38] the company may not proceed with this action without counsel.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion for Summary Judgment (ECF No. 92) is granted and Plaintiffs [sic] Motion for Summary Judgment (ECF No. 95) is denied.

---

[36]To the extent the Resolution accurately relates to ACT II LLC rather than the LLC in this case, Plaintiff provides nothing to connect ACT II LLC to the Lease Agreement at issue here. Nothing of record shows the assets of ACT II LLC are relevant to this action.

[37]*See* K.S.A. 17-7663 to 17-76-142 (2007 and 2010 supp.).

[38]*See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217 (1993); *accord Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001).

Defendants are granted summary judgment against Plaintiff who is not a real party in interest in this case.  The real party in interest (AZII, LLC) shall enter an appearance in this case through licensed legal counsel within thirty days of the date of this order.  Failure to do so will result in the dismissal of this action for failure to prosecute it in the name of the real party in interest.

      Dated in Kansas City, Kansas on this 23rd day of November, 2011.


                                                    s/Gerald L. Rushfelt
                                                    Gerald L. Rushfelt
                                                    United States Magistrate Judge